Johnell Jackson #AY5386
Name and Prisoner/Booking Number

Cal. State Prison LA County
Place of Confinement

P.O. Box 4670
Mailing Address

Lancaster, CA 93539
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

**FILED**

**MAY -7 2018**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
      DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

Johnell Marquise Jackson,  )
(Full Name of Plaintiff)   )
              Plaintiff,   )
                           )
          v.               )  CASE NO. 2:18-CV 1132  CKD PC
                           )  (To be supplied by the Clerk)
(1) Jalal Soltanian Zadeh, )
(Full Name of Defendant)   )
(2) Doe #1 ,               )
                           )
(3) Doe #2 ,               )  **CIVIL RIGHTS COMPLAINT**
                           )  **BY A PRISONER**
(4) _____,  )
              Defendant(s).)  ☑ Original Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.
                              ☐ First Amended Complaint
                              ☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☑ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   ☐ Other: _____ .

2. Institution/city where violation occurred: Cal. State Prison Sacramento .

B. DEFENDANTS

1. Name of first Defendant: Jalal Soltanian-Zadeh. The first Defendant is employed as:
   Physican/Medical at CSP-SAC.
   (Position and Title)                    (Institution)

2. Name of second Defendant: DOE #1. The second Defendant is employed as:
   Nurse/Medical at CSP-SAC.
   (Position and Title)                    (Institution)

3. Name of third Defendant: DOE #2. The third Defendant is employed as:
   Dr./Medical at CSP SAC.
   (Position and Title)                    (Institution)

4. Name of fourth Defendant: _____. The fourth Defendant is employed as:
   _____ at _____.
   (Position and Title)                    (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?   ☐ Yes   ☑ No

2. If yes, how many lawsuits have you filed? ____. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: EIGHTH AMENDMENT DENIAL/DELAYING MEDICAL TREATMENT

2. Claim I. Identify the issue involved. Check only one. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☒ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. Supporting Facts. State as briefly as possible the FACTS supporting Claim I. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   ON 5-11-17 PLAINTIFF JOHNELL MARQUISE JACKSON ARRIVED AT CALIFORNIA STATE PRISON SACRAMENTO (CSP-SAC) RECEIVING & RELEASE (R&R) FOR INTAKE AND REHOUSING FROM THE DEPARTMENT STATE HOSPITAL (DSH) TO PARTICIPATE IN THE ENHANCED OUTPATIENT PROGRAM (E.O.P) FOR INMATES WITH MENTAL ILLNESS THAT CANNOT FUNCTION IN THE GENERAL POPULATION.
   NEW ARRIVALS UNDER GO INITIAL PROCESSING PHASE, MEDICAL, BOOKING PHOTO AND HOUSING PLACEMENT. JACKSONS MEDICAL EXAM WAS DONE BY DEFENDANT JALAL SOLTANIAN-ZADEH WHOS A PHYSICAN AT CSP-SAC. DURING EXAM A REVIEW OF JACKSONS MEDICAL HISTORY SHOWED HE HAD HISTORY OF KNEE SURGERY AND A RECENT FALL 10 DAYS BEFORE HIS TRANSFER. WHEN ASKED DOES HE HAVE ANY MEDICAL ISSUSES. JACKSON STATED HE'S STILL HAVING HEAD ACHES AND BLURRY VISION. HE'S STILL HAVING KNEE PAIN. DEFENDANT ASKED "WHATS YOUR PAIN LEVEL?" JACKSON SAID "7 OUT OF 10 ITS A SHARP PAIN WHEN I WALK AND PUT WEIGHT ON MY RIGHT KNEE. IM STILL RECOVERING FROM KNEE DISLOCATING AND BROKEN LEG". DEFENDANT TOLD JACKSON TAKE MEDICATION FOR PAIN, USE CRUTCHES KEEP OFF YOUR KNEE'S AND STRETCH TO AVIOD INJURY. THERE WAS AN ORDER FOR X-RAY

4. Injury. State how you were injured by the actions or inactions of the Defendant(s).
   DEFENDANT JALAL SOLTANIAN-ZADEH KNEW DEPRIVING JACKSON OF MEDICAL TREATMENT NOT GIVING PLAINTIFF ADA HOUSING WOULD EXCERBATE THE DAMAGE WHICH RESULTED IN PHYSICAL INJURY AND EMOTIONAL STRESS

5. Administrative Remedies:
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim I? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

## CLAIM 1 SUPPORTING FACTS

1. Jackson was cleared for housing without restrictions
2. by Jalal Soltanian Zadeh. Jackson was in possesion of
3. crutches and knee brace DME (Durable Medical Equitment)
4. and because he wasn't given ADA housing (Americans
5. with Disabilities Act) Jackson was forced to sleep on a
6. very high top bunk on B-Yard. Jackson was injuried
7. and fell twice, being hospitalized the second time
8. and only after that later received ADA housing.
9. In committing the acts alleged herein, the defendant
10. was deliberately indifferent to Jacksons serious
11. medical need, and knew her behavior and attitude would
12. result in further pain and suffering to Jackson,
13. unnecessarily and violation of Eighth Amendment. These
14. rights were clearly established at the time see (McGuckin
15. V. Smith, 974 F2d 1050 1059 (9th Cir 1992) For these reason Jackson
16. is entitled to seek damages under 42 USC §1983, et seq
17. The defendant knew her actions violated the law and no
18. reasonable physican in her position would have cleared
19. plaintiff for housing without restrictions and delayed/
20. denied treatment, medical.
21.     As result of the defendant's violation of clearly
22. established laws Jackson suffered substantial damages
23. these include deprivation of his right to medical
24. treatment, cruel and unusal punishment, physical injury
25. psychological injury, wanton infliction of pain, emotional
26. distress and shock, entitling him to compensatory and
27. punitive damages.

4

## CLAIM II

1. State the constitutional or other federal civil right that was violated: EIGHTH AMENDMENT DENIAL/DELAYING MEDICAL TREATMENT.

2. Claim II. Identify the issue involved. Check only one. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☒ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: ___

3. Supporting Facts. State as briefly as possible the FACTS supporting Claim II. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   ON 5-13-17 AT CALIFORNIA STATE PRISON SACRAMENTO BUILDING B-5 PLAINTIFF FELL TRYING TO GET ON VERY HIGH TOP BUNK THAT DOES NOT HAVE LATTER OR STEPS TO AID WHEN ATTEMPTING TO GET UP OR DOWN BUNK. WHEN JACKSON FELL HE HIT HIS HEAD ON THE IN CELL LOCKER. JACKSON WAS KNOCKED OUT. JACKSONS CELLMATE WHO WAS ON BOTTOM BUNK INMATE AUSTIN. CALLED 1ST WATCH C.O.'S AS JACKSON LAY BLEEDING ON THE FLOOR. JACKSON WAS TAKEN TO B-TTA ON A GURNEY FOR EVALUATION BY MEDICAL. DOE #1 NURSE DID VISUALLY INSPECTED JACKSONS INJURIES NOTING HE WAS AWAKE. COMPLAINING OF NECK AND HEAD PAIN. THAT HIS LACERATION TO BACK OF HEAD WAS SUPERFICAL. DOE #1 CALLED ON CALL DOCTOR DOE #2 AND STATED SHOULDN'T WE SEND HIM BACK AND YOU CAN SEE HIM TOMMORW SINCE HE'S AWAKE? AGAIN JACKSON WAS CLEARED FOR HOUSING WITH NO RESTRICTIONS BY ON CALL DOCTOR DOE #2. DOE #1 EVEN AFTER COMPLANTS OF SEEING SPOTS AND BLURRY VISION. DOE #1 DIDN'T RELAY THIS INFORMATION OR ANY OF JACKSONS MEDICAL HISTORY. JACKSON WAS PLACED IN WHEELCHAIR AND WHEELED BACK TO HIS CELL. ON 5-16-17 AT CSP-SAC B-YARD JACKSON AGAIN FELL WHEN HE ATTEMPTED TO GET OFF TOP BUNK. HIS LEGS GAVE OUT FROM IMPACT OF BODY WEIGHT, LOST BALANCE HIT DESK AND PASSED OUT. JACKSONS CELLMATE AUSTIN WAS OUTSIDE CELL AUSTIN TOLD C.O.S JACKSON WAS LAID OUT HE JUST RETURNED FROM GROUP. JACKSON WAS TAKEN TO SAN JOAQUIN

4. Injury. State how you were injured by the actions or inactions of the Defendant(s).
   JACKSONS INJURIES ARE ALL A DIRECT RESULT OF CALIFORNIA STATE PRISON SACRAMENTO MEDICAL STAFF DELIBERATE INDIFFERENCE JACKSON SUFFERED UNECESSARY AND EXCRUCIATING PAIN AND TRAMA. WHEN DOE #1 & DOE #2 CLEARED FOR HOUSING WITH NO RESTRICTIONS

5. Administrative Remedies.
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim II? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. ___

5

CLAIM II

Hospital, where he was treated for the following injuries Concussion and Multiple Contusion from fall off Top Bunk.

When Doe #1 cleared Jackson to return to housing on the top bunk disregaurded Plaintiffs medical needs. The defendant deliberately indifferent to Jacksons medical needs. That put Jacksons safety and health at risk. Knowing that in committing the acts alleged herein caused further pain Doe #1 knew the results in further pain and suffering. Unnecessarily violated the Eighth Amendment. These rights were clearly established at the time see McGuckin v. Smith 974 F.2d 1050,1059 (9th Cir 1992) for these reason Jackson may seek damages.

When Doe #2 cleared Jackson to return to housing on top bunk disreguard medical needs. Doe #2 was deliberately indifferent to Jacksons medical needs and deined Jackson treatment. Doe #2 knew the results would cause further pain and suffering. Unnecssarily violated the Eighth Amendment. These rights were clearly established at the time see McGuckin v. Smith 974 F.2d 1050 1059 (9th Cir 1992) for these reason Jackson may seek damages.

6

## E. REQUEST FOR RELIEF

State the relief you are seeking:

1) COMPENSATORY DAMAGES AGAINST EACH DEFENDANT FOR THEIR INDIVIDUAL ROLES, IN AN AMOUNT TO BE PROVEN AT TRIAL
2) EXEMPLARY AND PUNITIVE DAMAGES AGAINST EACH DEFENDANT FOR THEIR INDIVIDUAL ROLES, IN AN AMOUNT TO BE PROVEN AT TRIAL
3) FOR COST OF SUIT AND
4) FOR SUCH OTHER AND FURTHER RELIEF AS COURT DEEMS PROPER
   1) DEMAND FOR JURY TRIAL ON ALL COUNTS

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __April 27 2018__
DATE

_____
SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

7