UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNELL JACKSON, | No. 2:18-cv-1132 MCE CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| JALAL SOLTANIAN ZADEH, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. §1983. On October 4, 2018, the court screened plaintiff's complaint, as the court is required to do under 28 U.S.C. § 1915A(a), and found that plaintiff may proceed on the claim identified as claim 1 which arises under the Eighth Amendment.[1] Plaintiff seeks damages.

Defendant's motion for summary judgment is now before the court.[2] The court notes that plaintiff filed a sur-reply regarding the motion (ECF No. 33) without seeking leave to do so.

---

[1] On January 4, 2019, the district court judge assigned to this case dismissed the claim identified as "claim 2" in plaintiff's complaint.

[2] In his motion, defendant asserts he is entitled to summary judgment with respect to any claim arising out of interaction between plaintiff and defendant on May 16, 2017. However, in claim 1 of plaintiff's complaint, plaintiff does not point to facts suggesting defendant violated plaintiff's rights on that day. Accordingly, the court does not address defendant's argument.

Because sur-replies are generally not permitted under Local Rule 230(l), and plaintiff fails to explain why an exception should be made, the sur-reply will be stricken.

I. Summary Judgment Standard

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. . ." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show that the materials cited by the movant do not establish the absence of a genuine dispute. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is

/////

genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

II. Plaintiff's Allegations

In his complaint, which is signed under the penalty of perjury, plaintiff alleges as follows:

1. At all relevant times, plaintiff was a prisoner at California State Prison, Sacramento (CSP-Sac.) and defendant was employed there as a physician.

2. On May 11, 2017, plaintiff arrived at CSP-Sac. and was evaluated by defendant. Defendant asked plaintiff if he had any medical issues. Plaintiff told defendant he was having headaches, blurry vision and sharp pain in his right knee when he walked or put weight on it as the result of a prior knee dislocation and broken leg. Plaintiff indicated his pain level was 7 out of 10. Plaintiff asserts a review of his medical records would have revealed that plaintiff had

3

previously had knee surgery and that plaintiff had fallen ten days prior. Defendant told plaintiff to take pain medication, use the crutches he had been assigned, "keep off your knees," and "stretch to avoid injury." Defendant also ordered an x-ray.

3. After the visit, plaintiff was cleared for housing by defendant "without restriction." Along with crutches, plaintiff had a knee brace.

4. Plaintiff was assigned to a cell with bunk beds and assigned the top bunk. There was no ladder to get to the top bunk. On May 13, 2017, plaintiff fell as he was attempting to climb onto his bunk. On May 16, 2017, as plaintiff was attempting to climb down from his bunk, his knees gave out and he fell a second time. Plaintiff was reassigned to a bottom bunk after the second fall. Plaintiff sustained injuries from both falls.

III. Applicable Eighth Amendment Standards

The Eighth Amendment prohibits state actors from acting with deliberate indifference to an inmate's health or safety. See Farmer v. Brennan, 511 U.S. 825 (1994). A claim based on deliberate indifference to health or safety has two elements. First, an inmate must show he was "incarcerated under conditions posing a substantial risk of serious harm." Id. at 834. Second, the inmate must show he was injured as a result of a defendant's "deliberate indifference" to that risk. Id. Under the deliberate indifference standard, plaintiff must demonstrate prison officials knew he faced a substantial risk of serious harm and that they disregarded that risk by failing to take reasonable measures to abate it. Id. at 847.

IV. Defendant's Arguments and Analysis

Defendant argues that there is no genuine issue of material fact with respect to whether he was deliberately indifferent to plaintiff's health or safety. In an affidavit, defendant asserts that when he examined plaintiff on May 11, 2017 he observed and / or considered the following in determining that plaintiff did not require an order directing that plaintiff be assigned to a lower bunk:

1. Plaintiff was not in distress, he exhibited good range of motion, the ability to ambulate without difficulty, no swelling erythema, effusion or tenderness to palpation.

/////

2. When plaintiff arrived at CSP-Sac. he did not have an order for lower bunk housing.

3. An x-ray taken of plaintiff's right knee on May 1, 2017 was unremarkable.

4. Plaintiff informed defendant that he had fell in the shower ten days prior, that he had pain in his right knee and that he had previously had surgery on his left knee.

5. Plaintiff had x-rays on the evening of May 15, 2017 and the x-ray notes were "unremarkable."

There is no mention of crutches in defendant's affidavit or whether defendant ever told plaintiff to "keep off [his] knees."

At his deposition, plaintiff testified as follows:

1. Prior to CSP-Sac., plaintiff was housed at a Department of State Hospitals facility in Vacaville.[3] RT at 19. He did not have an order to be assigned a lower bunk there because all beds are at ground level. RT at 28.

2. Defendant was aware plaintiff wore a knee brace and asked plaintiff whether plaintiff had crutches. Plaintiff responded that he did. RT at 22.

3. Plaintiff told defendant it is hard for him to climb to a top bunk, RT at 43, and he needed a lower bunk order because of his crutches, RT at 45. Defendant simply told plaintiff he did not need to sleep in a lower bunk. Id.

4. Defendant told plaintiff he should stay off his right knee. RT at 48.

5. The top bunk to which plaintiff was assigned at CSP-Sac. was approximately six feet from the ground, RT 48-49, and, in May of 2017, plaintiff was approximately 6' 2" and weighed 220 lbs. RT 67.

6. As for his May 13, 2017 fall, plaintiff indicated he tried to pull himself up to his top bunk but could not and fell as a result. RT at 50.

/////

/////

---

[3] The court is not aware of such a facility in Vacaville. It is possible plaintiff is referring to the California Medical Facility in Vacaville which is a California Department of Corrections and Rehabilitation facility.

5

7. When asked if he felt he had "good range of motion" with respect to his right knee when he was examined by defendant, plaintiff indicated "no" because he could not bend his knee. RT 73-74.[4]

In light of all of the evidence before the court, the court cannot find that there is no genuine issue of material fact as to whether defendant was at least deliberately indifferent to plaintiff's health or safety by not ordering that plaintiff be restricted to a lower bunk. Taking the evidence in the light most favorable to plaintiff, defendant indicating that plaintiff should use crutches and "stay off his right knee" is evidence of an awareness that plaintiff's ability to climb up to an upper bunk on bunk beds that had no ladders would place plaintiff at substantial risk of serious harm. No explanation is offered by defendant as to why he permitted and even encouraged plaintiff to use crutches to stay off his right knee while believing plaintiff was capable of climbing a six-foot bunk bed that did not have a ladder. Indeed, permitting an inmate to possess crutches is not trivial considering the manner in which crutches could be used as a weapon; the fact that the defendant allowed plaintiff to use crutches is circumstantial evidence that the defendant was aware of plaintiff's limitations with his knee.

Defendant also asserts he is entitled to summary judgment under the "qualified immunity" doctrine. "Government officials enjoy qualified immunity from civil damages unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). In analyzing a qualified immunity defense, the court must consider the following: (1) whether the alleged facts, taken in the light most favorable to the plaintiff, demonstrate that defendant's conduct violated a statutory or constitutional right; and (2) whether the right at issue was clearly established at the time of the incident. Saucier v. Katz, 533 U.S. 194, 201 (2001).

---

[4] In his complaint, and during his deposition, plaintiff provided more details as to how he injured his knees, the pain suffered as a result of those injuries and the extent to which the injuries eventually healed. The Court does not recount much of this evidence as there is no clear allegation defendant was aware of any of these things when he met with plaintiff on May 11, 2017 or the evidence provided concerning plaintiff's condition after that date. Thus that evidence is not relevant to any matter before the court.

Defendant fails to show that, when viewing the evidence in the light most favorable to plaintiff, there is not a least a genuine issue of material fact as to whether defendant violated plaintiff's rights arising under the Eighth Amendment. Furthermore, the Eighth Amendment right at issue, the right not to be incarcerated under conditions posing a substantial risk of serious harm as the result of at least deliberate indifference of a prison official, was clearly established at the time the material events in this action occurred. Accordingly, defendant is not entitled to summary judgment based upon the "qualified immunity doctrine."

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's sur-reply filed October 3, 2019 is stricken; and

IT IS HEREBY RECOMMENDED that defendant's motion for summary judgment (ECF No. 22) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 31, 2020

_CAROLYN K. DELANEY_
UNITED STATES MAGISTRATE JUDGE

1
davi0544.msj